**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IVY SKIDMORE | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 8:24-cv-02736-PJM |
| CACI, INC. – FEDERAL | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT CACI, INC. – FEDERAL'S REPLY**
**IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Defendant CACI, Inc. – Federal ("CACI"), by its attorneys, hereby submits this Reply in Support of its Motion to Dismiss, and states as follows:

**I.     INTRODUCTION**

On November 25, 2024, Plaintiff Ivy Skidmore ("Plaintiff") simultaneously filed a Response in Opposition to Defendant's Motion to Dismiss (ECF 17) along with a Motion for Leave to Amend Complaint (ECF 16).  CACI responds herein to Plaintiff's Opposition to Defendant's Motion to Dismiss while also concurrently filing an Opposition to Plaintiff's Motion for Leave to Amend Complaint.  Solely for the purposes of its Motion to Dismiss and this Reply in Support of its Motion to Dismiss, CACI has accepted as true the facts alleged in Plaintiff's Complaint (ECF 1-1) and Proposed Amended Complaint (ECF 16-1).

In its Motion to Dismiss and accompanying Memorandum in Support (ECF 11-1), CACI asserted that Plaintiff's claims are time barred because she did not file a charge with the United States Equal Employment Opportunity Commission ("EEOC") within 300 calendar days of the

alleged discriminatory or retaliatory acts.  The Plaintiff's Motion for Leave to Amend the Complaint implicitly acknowledges that the facts supporting the causes of action in her Initial Complaint show that she failed to file her EEOC Charge within the required 300-day period. Notwithstanding her transparent efforts to remedy her deficiencies, Plaintiff is still unable to show that she timely filed her EEOC Charge.

## II.    DISCUSSION

In her Initial Complaint, Plaintiff asserts three separate violations of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12111, *et seq.*: (1) CACI terminated her because of alleged disabilities (Compl. ¶ 20-24); (2) CACI failed to provide her a reasonable accommodation for her alleged disabilities (Compl. ¶ 25-28); and (3) CACI retaliated against her because she allegedly sought an accommodation for her alleged disabilities (Compl. ¶ 29-31).  Plaintiff, thorough her Motion for Leave to Amend, now attempts to add a hostile work environment cause of action under the ADA.[1]  (Prop. Amend. Compl. ¶ 42-44.)  For the reasons explained in the underlying Motion to Dismiss, and the reasons explained below, the Court should grant Defendant's motion and dismiss Plaintiff's claims with prejudice.[2]

### A.    <u>Plaintiff's Claims Related to her Termination Are Untimely</u>

Plaintiff makes much of the fact that CACI's October 4, 2021 letter, which notified her of

---

[1]    CACI notes that the Court has not granted Plaintiff's Motion for Leave to Amend Complaint, yet Plaintiff opposes CACI's Motion to Dismiss by using facts pleaded in her Proposed Amended Complaint.  As explained throughout, because the facts in Plaintiff's Proposed Amended Complaint do not remedy the deficiencies of her Initial Complaint, CACI addresses (and accepts as true) facts pleaded in both Complaints.

[2]    Plaintiff's Motion for Leave should be denied for the reasons stated in CACI's Opposition to Plaintiff's Motion for Leave to Amend Complaint, as well for the reasons stated in this Reply in Support of CACI's Motion to Dismiss.

her impending termination from employment on October 29, 2021, permitted her to search for other positions with CACI. (Pl. Opp. pp. 3-4.) Plaintiff resorts to a pedantic argument about the use of "should" in the letter in an attempt to argue that the October 4, 2021 letter was not "definite" notice of Plaintiff's termination. Such an argument ignores applicable law.

To start, Plaintiff argues, albeit erroneously, that *Delaware State College v. Ricks*, 449 U.S. 250 (1980) is "not on point" because Plaintiff's termination from employment was not "definite" on October 4, 2021, when she received the letter notifying her of her termination. However, the *Ricks* rule does not require that a termination from employment be "definite" in order for the limitations period to commence. Rather, the limitations period starts when "the initial employment decision was made and communicated[,]" regardless of "the pendency of [an] internal appeal and the possibility of a reversal of the initial decision." *Mezu v. Morgan St. Univ.*, 367 F. Appx. 385, 388 (4th Cir. 2010). In *Mezu*, the employer denied the plaintiff's application for promotion, which the plaintiff could – *and did* – appeal. *Id*. at 387. The Fourth Circuit found that neither the ability to appeal, nor the actual act of appealing, an allegedly discriminatory or retaliatory decision tolls the limitations period. *Id.* at 388. Like *Mezu*, Plaintiff could have taken action to remain employed. Unlike *Mezu*, Plaintiff chose not to do so and does not plead that she applied (or was qualified) for an open position. Nevertheless, regardless of whether Plaintiff was qualified for or actually sought an alternative position, *Ricks* and *Mezu* instruct that the commencement of the limitations period is the date on which the employer communicated its allegedly discriminatory or and/or retaliatory decision. Here, that date was October 4, 2021.[3]

---

[3]    Based on her argument, Plaintiff would have this Court accept that she did not believe that the decision to terminate her was discriminatory or retaliatory on October 4, 2021, when she received notice that she was being terminated effective October 29, 2021. Rather, she argues that the October 4, 2021 decision to terminate Plaintiff was, for whatever reason, not a

Plaintiff also attempts to buttress her argument by asserting that several state courts, including Maryland's Court of Appeals, have rejected the *Ricks* rule. (Pl. Opp. n.5.) Plaintiff's attempt seemingly ignores the fact that she asserts violations only of applicable *federal* law, and that no state laws are applicable in this case. *See Haas v. Lockheed Martin Corp.*, 396 Md. 469, 494 (2007) ("for the purpose of claims filed pursuant to § 42 of the *Maryland* Code, Article 49B, a 'discharge' occurs upon the actual termination of an employee…") (emphasis added); *compare Kulshrestha v. Shady Grove Reprod. Sci. Ctr., P.C.*, 668 F. Supp. 3d 411, 417 (E.D. Va. 2023) ("the Fourth Circuit has consistently concluded that under federal employment discrimination law, the filing period runs from the time at which the employee is informed of the allegedly discriminatory employment decision, regardless of when the effects of that decision come to fruition.") (internal quotation marks omitted); *EEOC v. Randstad*, 685 F.3d 433, 444-45 (4th Cir. 2012) (the *Ricks* rule encourages "a potential charging party to raise a discrimination claim before it gets stale, for the sake of a reliable result and a speedy end to any illegal practice that proves out," and serves to "protect employers from the burden of defending claims arising from employment decisions that are long past.") (quoting *Ricks*, 449 U.S. at 256-57).

For these reasons, Plaintiff's discrimination and retaliation claims related to her termination from employment are time-barred and, as such, necessitate dismissal with prejudice.

### B.     Plaintiff Does Not Sufficiently Plead That CACI Denied an Accommodation Request Within the Limitations Period

In her Initial Complaint, Plaintiff failed to establish facts sufficient to show that CACI denied her a requested accommodation within the requisite limitations period. Neither her Proposed Amended Complaint, nor her Opposition to CACI's Motion to Dismiss salvage her

---

discriminatory or retaliatory act until October 29, 2021, and then only if she could not obtain an open position for which she was qualified. Such an argument strains credulity.

untimely failure to accommodate claim. Rather, Plaintiff's failure to accommodate claim fails for the straightforward reason that she has not provided sufficient facts to demonstrate that any alleged failure to accommodate occurred within 300 days prior to the filing of her EEOC Charge.

Plaintiff candidly acknowledges in her Initial Complaint (and confirms in her Proposed Amended Complaint) that her physician cleared her to return to work full-time on August 12, 2021, thereby obviating the need for any accommodation. (Compl. ¶ 14.) Plaintiff's requested accommodation, as pleaded in her Complaints, was to work a reduced schedule of 16 hours per week. In both her Initial Complaint and Proposed Amended Complaint, Plaintiff reaffirms that her need for such an accommodation ended on August 12, 2021, when her doctor cleared her to return to full duty. (*See* Prop. Amend. Compl. ¶ 21 (Plaintiff's symptoms improved in August due in part to her insurance approving "Orthovisc Gel Shots").) Plaintiff does not allege that she needed an accommodation after her return to work on August 12, 2021. Accordingly, any failure to accommodate claim accrued no later than August 12, 2021, which is more than 300 days before August 25, 2022, the date Plaintiff filed her EEOC charge.

Although not entirely clear from Plaintiff's Complaints, it appears that she is now trying to rescue her untimely failure to accommodate claim by arguing in her Opposition that CACI had a duty under the ADA, after she received the October 4, 2021 notification of her termination, to find her a position to which she could have transferred prior to the October 29, 2021 effective date of her termination. (*See* Pl. Opp., p. 5; Prop. Amend. Compl. ¶ 25 ("Defendant failed to engage the Plaintiff in an interactive process to assist her in finding another position.").) Even if Plaintiff could show that she requested an accommodation after August 12, 2021, and assuming that such an accommodation was required under the ADA (which it was not), any failure to accommodate claim would nonetheless start accruing on October 4, 2021, when she received notice of her

termination from employment.  *See Martin v. Sw. Va. Gas Co.*, 135 F.3d 307, 310 (4th Cir. 1998) (plaintiff's request for an accommodation, which occurred *after* the employer communicated its decision to terminate his employment, does not extend the limitations period).  Accordingly, Plaintiff's failure to accommodate claim would still be untimely and this Court should dismiss this claim with prejudice.

### C.    Hostile Work Environment and Continuing Violation

Plaintiff also attempts to correct her timeliness deficiencies by now alleging a continuing violation based on five separate events: "[(1)] [t]he refusal to allow Plaintiff a reduced work schedule, [(2)] the harassment by Plaintiff's supervisors, [(3)] the lay off at NARA's request, [(4)] lack of any assistance to find a new position, and [(5)] involuntary separation…"  (Pl. Opp. p. 9.) Although not entirely clear, it appears that Plaintiff attempts to argue that these separate and discreet alleged events form the basis of a newly-pleaded hostile work environment claim.

To start, the continuing violation doctrine does not apply to failure to accommodate claims, *see Hill v. Hampstead Lester Morton Ct. Partners, LP*, 581 F. Appx. 178, 181 (4th Cir. 2014), nor does it "apply to discrete discriminatory actions, such as termination…" *Ragland v. A.W. Indus.*, No. DKC 2008-1817, 2009 WL 2507426, at *11 (D. Md. Aug. 13, 2009).  Thus, CACI's alleged "refusal to allow Plaintiff a reduced work schedule," "layoff at NARA's request," "lack of assistance to find a new position," and "involuntary separation" cannot form part of the basis of her continuing violation argument.  (Pl. Opp. p. 9.)

Rather, "the continuing violation doctrine applies only to hostile work environment claims."  *Onwudiwe v. Becerra*, No. TDC-21-1620, 2023 WL 5338156, at *8 (D. Md. Aug. 18, 2023).  Because Plaintiff has failed to establish facts showing that CACI subjected her to a hostile

work environment within the limitations period, her argument for the application of the continuing violation doctrine must also fail.

To establish a hostile work environment claim, a plaintiff must demonstrate that "(1) [she] experienced unwelcome harassment; (2) the harassment was based on [her] [disability]; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Evans v. Int'l Paper Co.*, 936 F.3d 183, 192 (4th Cir. 2019). As the Fourth Circuit instructs, the "severe or pervasive" standard sets a "high bar" that cannot be overcome by showing "rude treatment by coworkers, callous behavior by one's superiors, or a routine difference of opinion and personality conflict with one's supervisor…" *Leonard v. Towson Univ.*, No. GLR-21-1464, 2022 WL 3867949, at *8 (D. Md. Aug. 30, 2022) (quoting *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008)). The Fourth Circuit also requires plaintiffs to demonstrate that any alleged conduct "would be severe and pervasive from an objective view." *Engler v. Harris Corp.*, No. GLR-11-3597, 2012 WL 3745710, at *6 (D. Md. Aug. 28, 2012).

Plaintiff has not pleaded facts with requisite specificity to show that any objectively severe and/or pervasive acts occurred within the limitation period. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 442 (4th Cir. 1998) ("it is only when an actual violation has occurred within the requisite time period [that] the theory of continuing violation is sustainable."). Rather, in an obvious attempt to circumvent the limitations period, Plaintiff makes a single conclusory allegation that "harassment continued until October 29, 2021." (Prop. Amend. Compl. ¶ 23.) Such "bare and conclusory assertions are a prototypical insufficient pleading that [a] court cannot accept." *Engler*, 2012 WL 3745710, at *6 (dismissing hostile work environment claim because plaintiff's amended complaint "vaguely states that the conduct repeatedly occurred throughout the Plaintiff's

[employment,]" but did not include "dates, the number of instances, or why the instances would be viewed as severe and pervasive from an objective point of view.").

Because Plaintiff cannot show that CACI subjected her to objectively severe and pervasive harassment that altered the conditions of employment and created an abusive atmosphere within 300 days of the date on which she filed her charge with the EEOC, her newly pleaded hostile work environment claim fails.

### III.    Conclusion

For the reasons explained herein, Defendant CACI respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety, with prejudice.


Dated: December 23, 2024

*/s/ Michelle M. McGeogh*
Michelle M. McGeogh (USDC Bar No. 28778)
BALLARD SPAHR LLP
111 S. Calvert Street, 27th Floor
Baltimore, MD 21202
Phone: (410) 528-5600
Fax: (410) 528-5650
mcgeoghm@ballardspahr.com

Louis L. Chodoff (*admitted pro hac vice*)
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054
Phone: (856) 761-3400
Fax: (856) 761-1020
chodoffl@ballardspahr.com

*Attorneys for Defendant CACI, Inc. – Federal*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing Reply in Support of Defendant's Motion to Dismiss Plaintiff's Complaint has been electronically served on the following counsel via CM/ECF:

John Stolarz
The Stolarz Law Firm
6509 York Road
Baltimore, MD 21212
stolarz@verizon.net

*Attorney for Plaintiff*

Date: December 23, 2024

*/s/ Michelle M. McGeogh*
Michelle M. McGeogh (USDC Bar No. 28778)
BALLARD SPAHR LLP
111 S. Calvert Street, 27th Floor
Baltimore, MD 21202
Phone: (410) 528-5600
Fax: (410) 528-5650
mcgeoghm@ballardspahr.com