IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IVY SKIDMORE | * |
| Plaintiff, | * |
| v. | * Civil Action No. 8:24-cv-02736-PJM |
| CACI, INC. – FEDERAL | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT CACI, INC. – FEDERAL'S OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant CACI, Inc. – Federal ("CACI"), by its attorneys, hereby submits this Opposition to Plaintiff's Motion for Leave to Amend Complaint, and states as follows:

**I.      INTRODUCTION**

On November 25, 2024, Plaintiff Ivy Skidmore ("Plaintiff") simultaneously filed a Motion for Leave to Amend Complaint (ECF 16) along with a Response in Opposition to Defendant's Motion to Dismiss (ECF 17). CACI herein files an Opposition to Plaintiff's Motion for Leave to Amend Complaint while also concurrently filing a Reply in Support of Defendant's Motion to Dismiss.

As originally filed, Plaintiff asserted three separate violations of the Americans with Disabilities Act of 1900 (ADA), 42 U.S.C. § 12111, *et seq.*: (1) Defendant terminated her because of alleged disabilities; (2) Defendant failed to provide her a reasonable accommodation for her alleged disabilities; and (3) Defendant retaliated against her because she allegedly sought an accommodation for her alleged disabilities. Plaintiff, through her Motion for Leave to Amend,

1

now attempts to add an additional hostile work environment cause of action under the ADA and correct the deficiencies found in her Initial Complaint.

As shown below, Plaintiff cannot assert a viable claim for hostile work environment, nor can she assert any facts sufficient to correct the timeliness deficiencies in her Initial Complaint related to her alleged discriminatory/retaliatory discharge or failure to accommodate claims. For these reasons, the Court should deny Plaintiff leave to amend because the proposed amendments would be futile.

## II.     LEGAL STANDARD

Subject to exceptions that do not apply, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although the court "should freely give leave when justice so requires[,]" *id*., leave to amend should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted). Leave to amend is futile if the amended pleading would be insufficient under governing law. *See Katyle v. Penn Nat'l Gaming, Inc*., 637 F.3d 462, 471 (4th Cir. 2011) ("Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards[.]"); *United States ex rel. Wilson v. Kellogg Brown & Root, Inc*., 525 F.3d 370, 376 (4th Cir. 2008) (proposed amendment is futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules") (internal punctuation and citation omitted).

To state a viable claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

2

the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557). "[A] court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citation omitted). The Court is also not required to "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

**III.   DISCUSSION**

Plaintiff's Initial Complaint failed to plead facts sufficient to show that she timely filed a charge with the EEOC. (*See* Motion to Dismiss, ECF 11.) In short, CACI notified Plaintiff on October 4, 2021 that it would terminate her from employment on October 29, 2021 if she could not find another open position for which she was qualified. Plaintiff alleges, among other things, that her termination from employment was unlawful, but she did not file a charge with the Equal Employment Opportunity Commission until August 25, 2022 – more than 300 days from when she received notice of her termination (i.e., October 4, 2021). Plaintiff argues in her Opposition to CACI's Motion to Dismiss (ECF 17) that the limitations period should start on October 29, 2021, when her termination was "final." However, the Supreme Court and Fourth Circuit have made clear that for purposes of filing a claim with the EEOC, the applicable limitations period starts to run when the claimant receives *notice* of the alleged unlawful activity. Here, that date is October 4, 2021, which renders Plaintiff's EEOC charge untimely as it relates to her discriminatory discharge claim. Moreover, Plaintiff's failure to accommodate claim, as pleaded in her Initial Complaint and her proposed Amended Complaint, makes it clear that any need for an accommodation ended on August 12, 2021, when Plaintiff candidly admitted that her doctor cleared her to return to full duty work. Accordingly, Plaintiff's failure to accommodate claim is similarly time-barred.

In an apparent attempt to remedy her timeliness deficiencies and salvage her claims, Plaintiff's Proposed Amended Complaint adds one legal claim – hostile work environment – and various facts, which Plaintiff appears to argue constitute a continuing violation up until the date of her termination from employment (i.e., October 29, 2021). However, Plaintiff does not plead facts sufficient to establish a hostile work environment claim that took place within the limitations period, nor does Plaintiff plead any new facts that would rescue her discriminatory/retaliatory discharge and/or failure to accommodate claims from dismissal based on timeliness grounds. For these reasons, CACI respectfully requests that the Court deny Plaintiff's Motion for Leave to Amend.

### A. **Hostile Work Environment**

Although not clear from her Proposed Amended Complaint, it appears from her Opposition to CACI's Motion to Dismiss that Plaintiff attempts to argue that five separate events form the basis of a newly-pleaded hostile work environment claim: "[(1)] [t]he refusal to allow Plaintiff a reduced work schedule, [(2)] the harassment by Plaintiff's supervisors, [(3)] the lay off at NARA's request, [(4)] lack of any assistance to find a new position, and [(5)] involuntary separation…" (Pl. Opp. p. 9.) Plaintiff uses the hostile work environment claim as a means to invoke the continuing violation doctrine, attempting to overcome the timeliness deficiencies highlighted by CACI's Motion to Dismiss.

To start, the continuing violation doctrine does not apply to failure to accommodate claims, *see Hill v. Hampstead Lester Morton Ct. Partners, LP*, 581 F. Appx. 178, 181 (4th Cir. 2014), nor does it "apply to discrete discriminatory actions, such as termination…" *Ragland v. A.W. Indus.*, No. DKC 2008-1817, 2009 WL 2507426, at *11 (D. Md. Aug. 13, 2009). Thus, CACI's alleged "refusal to allow Plaintiff a reduced work schedule," "layoff at NARA's request," "lack of assistance to find a new position," and "involuntary separation" cannot form part of the basis of

her continuing violation argument. (Pl. Opp. p. 9.). Furthermore, "the continuing violation doctrine applies only to hostile work environment claims." *Onwudiwe v. Becerra*, No. TDC-21-1620, 2023 WL 5338156, at *8 (D. Md. Aug. 18, 2023). Because Plaintiff has failed to establish facts showing that CACI subjected her to a hostile work environment within the limitations period, her argument for the application of the continuing violation doctrine must also fail.

To establish a hostile work environment claim, a plaintiff must demonstrate that "(1) [she] experienced unwelcome harassment; (2) the harassment was based on [her] [disability]; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Evans v. Int'l Paper Co.*, 936 F.3d 183, 192 (4th Cir. 2019). As the Fourth Circuit instructs, the "severe or pervasive" standard sets a "high bar" that cannot be overcome by showing "rude treatment by coworkers, callous behavior by one's superiors, or a routine difference of opinion and personality conflict with one's supervisor…" *Leonard v. Towson Univ.*, No. GLR-21-1464, 2022 WL 3867949, at *8 (D. Md. Aug. 30, 2022) (quoting *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008)). The Fourth Circuit also requires plaintiffs to demonstrate that any alleged conduct "would be severe and pervasive from an objective view." *Engler v. Harris Corp.*, No. GLR-11-3597, 2012 WL 3745710, at *6 (D. Md. Aug. 28, 2012).

Plaintiff has not pleaded facts with requisite specificity to show that any objectively severe and/or pervasive acts occurred within the limitation period. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 442 (4th Cir. 1998) ("it is only when an actual violation has occurred within the requisite time period [that] the theory of continuing violation is sustainable."). Rather, Plaintiff makes a single conclusory allegation that "harassment continued until October 29, 2021." (Prop. Amend. Compl. ¶ 23.) Such "bare and conclusory assertions are a prototypical insufficient pleading that [a] court cannot accept." *Engler*, 2012 WL 3745710, at *6 (dismissing hostile work

5

environment claim because plaintiff's amended complaint "vaguely states that the conduct repeatedly occurred throughout the Plaintiff's [employment,]" but did not include "dates, the number of instances, or why the instances would be viewed as severe and pervasive from an objective point of view.").

Because Plaintiff cannot show that CACI subjected her to objectively severe and pervasive harassment that altered the conditions of employment and created an abusive atmosphere within 300 days of the date on which she filed her charge with the EEOC, her newly pleaded hostile work environment claim fails.

### B. Plaintiff's Newly Pleaded Facts Do Not Salvage her Previously Alleged Untimely Claims

Plaintiff's newly alleged facts do not accomplish the result that Plaintiff hopes they will. They do not resuscitate her untimely discriminatory/retaliatory discharge and failure to accommodate claims, and in fact, the vast majority of her newly pleaded facts are completely irrelevant to the issue of whether she timely filed such claims with the EEOC. Simply stated, and as amply demonstrated below, the newly pleaded facts still do not show that her discriminatory/retaliatory termination claim or her failure to accommodate claim were timely filed at the EEOC.

#### 1. The October 4, 2021 Letter Was Unequivocal Notice of Termination

Plaintiff's Proposed Amended Complaint incorporates the language of CACI's October 4, 2021 letter to Plaintiff, which notified her of her October 29, 2021 termination. (Prop. Amend. Compl. ¶ 24.) Plaintiff's incorporation of the letter relates to her argument that the use of the word "should" (as in, "Should another CACI position for which you qualify and are accepted not be identified, you will be involuntarily separated effective October 29, 2021." (*id.*)) creates a conditional event that prevents the October 4, 2021 letter from being proper notice of Plaintiff's

termination from employment. (Pl. Opp. p. 4.) However, Plaintiff has misapplied the applicable law.

Articulated by the Supreme Court in *Delaware State College v. Ricks*, 449 U.S. 250 (1980) and its progeny, the limitations period commences when "the initial employment decision was made and communicated[,]" regardless of "the pendency of [an] internal appeal and the possibility of a reversal of the initial decision." *Mezu v. Morgan St. Univ.*, 367 F. Appx. 385, 388 (4th Cir. 2010). In *Mezu*, the employer denied the plaintiff's application for promotion, which the plaintiff could – *and did* – appeal. *Id*. at 387. The Fourth Circuit found that neither the ability to appeal, nor the actual act of appealing, an allegedly discriminatory or retaliatory decision tolls the limitations period. *Id.* at 388. Like *Mezu*, Plaintiff here admits (and heavily relies on the fact) that she could have taken action to remain employed. Unlike *Mezu*, Plaintiff chose not to do so and does not now plead that she applied (or was qualified) for an open position. However, regardless of whether Plaintiff was qualified for or actually sought an alternative position, *Ricks* and *Mezu* instruct that the commencement of the limitations period is the date on which the employer communicated its allegedly discriminatory or and/or retaliatory decision. Here, that date was October 4, 2021. In short, Plaintiff knew on October 4, 2021 that CACI had made a decision to terminate her, and it was her belief, *on October 4, 2021*, that Defendant's decision was allegedly motivated by discriminatory and/or retaliatory animus. Under Plaintiff's logic, the fact that she may have been able to find another position for which she was qualified within the company before October 29, 2021 somehow retroactively transformed the October 4, 2021 decision into a non-discriminatory one. This logic strains credulity.

    **2.**    **Plaintiff's Failure to Accommodate Claim Remains Time-Barred**

Plaintiff's Proposed Amended Complaint does nothing to remedy her untimely failure to accommodate claim. Rather, Plaintiff's failure to accommodate claim fails for the simple reason that she still does not plead facts sufficient to show that any alleged failure to accommodate occurred within 300 days of the date on which she filed her EEOC Charge.

The facts Plaintiff asserts in her proposed Amended Complaint show that her physician cleared her to return to work full-time on August 12, 2021, thereby obviating the need for any accommodation after that date. (Compl. ¶ 14.) Plaintiff's requested accommodation, as pleaded in the Initial Complaint and Proposed Amended Complaint, was to work a reduced schedule of 16 hours per week. In both her Initial Complaint and Proposed Amended Complaint, Plaintiff reaffirms that her need for such an accommodation ended on August 12, 2021, when she was cleared to return to full duty by her doctor. (*See* Prop. Amend. Compl. ¶ 21 (Plaintiff's symptoms improved in August due in part to her insurance approving "Orthovisc Gel Shots").) Plaintiff does not allege that she needed an accommodation after her return to full-time work on August 12, 2021, which is more than 300 days before August 25, 2022, the date Plaintiff filed her EEOC charge.

Although not entirely clear from Plaintiff's proposed Amended Complaint, it appears that she is now trying to salvage her untimely failure to accommodate claim by arguing in her Opposition that CACI had a duty under the ADA, after she received the October 4, 2021 notification of her termination, to find her a position to which she could have transferred prior to the October 29, 2021 effective date of her termination. (*See* Pl. Opp., p. 5; Prop. Amend. Compl. ¶ 25 ("Defendant failed to engage the Plaintiff in an interactive process to assist her in finding another position.").) However, even if Plaintiff could show that she requested an accommodation after August 12, 2021, or that any such accommodation was required by the ADA (which it was

not), any failure to accommodate claim would nonetheless start accruing on October 4, 2021, when she received notice of her termination from employment. *See Martin v. Sw. Va. Gas Co.*, 135 F.3d 307, 310 (4th Cir. 1998) (plaintiff's request for an accommodation, which occurred *after* the employer communicated its decision to terminate his employment, does not extend the limitations period). Accordingly, Plaintiff's failure to accommodate claim would still be untimely, and her Proposed Amended Complaint would be futile.

### IV.  CONCLUSION

For the reasons set forth above, Defendant CACI respectfully requests that the Court deny Plaintiff's Motion for Leave to Amend.

Dated:  December 23, 2024

*/s/ Michelle M. McGeogh*
Michelle M. McGeogh (USDC Bar No. 28778)
BALLARD SPAHR LLP
111 S. Calvert Street, 27th Floor
Baltimore, MD 21202
Phone: (410) 528-5600
Fax: (410) 528-5650
mcgeoghm@ballardspahr.com

Louis L. Chodoff (*admitted pro hac vice*)
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054
Phone: (856) 761-3400
Fax: (856) 761-1020
chodoffl@ballardspahr.com

*Attorneys for Defendant CACI, Inc. – Federal*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant's Opposition to Plaintiff's Motion for Leave to Amend Complaint has been electronically served on the following counsel via CM/ECF:

John Stolarz
The Stolarz Law Firm
6509 York Road
Baltimore, MD 21212
stolarz@verizon.net

*Attorney for Plaintiff*

Date: December 23, 2024

                                          */s/ Michelle M. McGeogh*
Michelle M. McGeogh (USDC Bar No. 28778)
BALLARD SPAHR LLP
111 S. Calvert Street, 27th Floor
Baltimore, MD 21202
Phone: (410) 528-5600
Fax: (410) 528-5650
mcgeoghm@ballardspahr.com