IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| IVY SKIDMORE<br><br>Plaintiff,<br><br>v.<br><br>CACI, INC. - FEDERAL<br><br>Defendant. | Civil Action No.: 8:24-cv-2736-MJM |

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant CACI, Inc. – Federal ("Defendant"), by its undersigned counsel, hereby answers the Amended Complaint of Ivy Skidmore ("Plaintiff") as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1, and therefore denies the same.

2. Defendant admits only that it does business in Prince Georges County, Maryland. Defendant denies the balance of the averments in Paragraph 2.

3. Defendant admits only that it hired Plaintiff on or around November 15, 2017 and assigned her to support the National Archives and Records Administration ("NARA"). Defendant denies the balance of the averments in Paragraph 3.

4. Denied.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5, and therefore denies the same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6, and therefore denies the same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7, and therefore denies the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8, and therefore denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9, and therefore denies the same.

10. Denied.

11. Defendant admits only that Plaintiff sent a text message to James Philliposian on July 18, 2021, in which she indicated that she had experienced knee pain.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 12, and therefore denies the same.

13. Denied.

14. Admitted.

15. Denied.

16. Defendant admits only that Plaintiff requested short-term disability to work on a reduced schedule. Defendant denies the balance of the averments in Paragraph 16.

17. Defendant admits only that Plaintiff filed a claim for short-term disability leave in July 2021. Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of averments in Paragraph 17, and therefore denies the same.

18. Defendant admits only that NARA refused Plaintiff's request for an accommodation.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 19, and therefore denies the same.

20. Denied.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff experienced an improvement in her symptoms or whether her insurance approved gel shots. Defendant denies the balance of the averments in Paragraph 21.

22. Denied.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff experienced a worsening of her alleged anxiety disability. Defendant denies the balance of the averments in Paragraph 23.

24. Defendant admits that, on October 4, 2021, it notified Plaintiff that her employment would terminate on October 29, 2021, unless Plaintiff was qualified and was accepted for another position. Defendant denies the balance of the averments in Paragraph 24.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff enrolled in Defendant's Redeployment Resources program. Defendant denies that Plaintiff applied to or was qualified for another position.

26. Denied.

27. Denied.

28. Admitted.

29. Admitted.

## **COUNT ONE**

30. Defendant incorporates its responses to Paragraphs 1 through 29 as if set forth fully here.

31. Defendant denies the averments in Paragraph 31 as conclusions of law to which no responsive pleading is required.

#4913-2705-8033 v6

32. Defendant denies the averments in Paragraph 32 as conclusions of law to which no responsive pleading is required.

33. Defendant denies the averments in Paragraph 33 as conclusions of law to which no responsive pleading is required and denies the averments to the extent they are deemed factual.

34. Defendant denies it engaged in unlawful actions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of averments in Paragraph 34, and therefore denies the same.

## COUNT TWO

35. Defendant incorporates its responses to Paragraphs 1 through 34 as if set forth fully here.

36. Denied.

37. Defendant denies the averment in Paragraph 37 as a conclusion of law to which no responsive pleading is required.

38. Defendant denies it engaged in unlawful actions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of averments in Paragraph 38, and therefore denies the same.

## COUNT THREE

39. Defendant incorporates its responses to Paragraphs 1 through 38 as if set forth fully here.

40. Defendant denies the averment in Paragraph 40 as a conclusion of law to which no responsive pleading is required.

41. Defendant denies it engaged in unlawful actions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of averments in Paragraph 41, and therefore denies the same.

## COUNT FOUR

42. Defendant incorporates its responses to Paragraphs 1 through 41 as if set forth fully here.

43. Defendant denies the averment in Paragraph 43 as a conclusion of law to which no responsive pleading is required.

44. Defendant denies it engaged in unlawful actions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of averments in Paragraph 44, and therefore denies the same.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.  Defendant reserves the right to amend this Answer and assert additional Affirmative Defenses based upon information obtained during pretrial discovery in this action.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant did not violate any duty or obligation to, or right of, Plaintiff.

#4913-2705-8033 v6

### THIRD AFFIRMATIVE DEFENSE

Defendant's actions or inactions were not the proximate, legal, or substantial cause of any damages, injury, or loss suffered by Plaintiff, the existence of which is denied.

### FOURTH AFFIRMATIVE DEFENSE

Defendant did not discriminate against Plaintiff on the basis of any alleged disability.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any alleged damages.

Respectfully submitted,

Date: October 20, 2025

*/s/ Rebecca A. Leaf*
Rebecca A. Leaf (No. 30351)
Justen R. Barbierri (No. 31540)
BALLARD SPAHR LLP
111 S. Calvert St., 27th Floor
Baltimore, Maryland 21202
Tel: (410) 528-5600
Fax: (410) 528-5650
Email: leafa@ballardspahr.com
Email: barbierrij@ballardspahr.com

Louis L. Chodoff*
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054
Tel: (856) 761-3436
Fax: (856) 761-1020
Email: chodoffl@ballardspahr.com
*Admitted *Pro Hac Vice*

*Attorneys for Defendant*

#4913-2705-8033 v6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of October 2025, a true and correct copy of the foregoing was served by ECF notification to:

>John B. Stolarz
>The Stolarz Law Firm
>6509 York Road
>Baltimore, MD 21212
>stolarz@verizon.net
>
>*Counsel for Plaintiff*

>*/s/ Rebecca A. Leaf*
>Rebecca A. Leaf

#4913-2705-8033 v6