**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

IVY SKIDMORE,                                    *

    Plaintiff,                               *

v.                                               *
                            Civ. No.: MJM-24-2736

CACI, INC. - FEDERAL,                            *

    Defendant.                               *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**STIPULATED ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIAL**

It is hereby stipulated and agreed, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Confidentiality Agreement and Order ("Confidentiality Order") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests for productions of documents, responses to requests of admission and any other materials and information disclosed or provided in the above-referenced action ("Action").

1.     **Applicability**. This Confidentiality Order shall apply to all items and information produced or disclosed in this Action.

2.     **Definitions**. When used in this Confidentiality Order, the term:

    a.     "Confidential Information" shall mean all documents and testimony, and all information contained therein, containing:

        i.     Confidential, non-public information that is protected from disclosure by statute, regulation, or otherwise; or

        ii.     Trade secrets or other confidential information that may be subject to a protective order under Fed. R. Civ. P. 26(c)(1)(G).

b.      "Discovery Material" shall refer to all items or information produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated, maintained, or produced.

c.      "Disclosing Party" shall refer to the party disclosing or producing Discovery Material defined as Confidential Information.

d.      "Receiving Party" shall refer to the party receiving Discovery Material defined as Confidential Information.

3.      **Designation of Discovery Materials as Confidential Information**. The designation of Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." A Disclosing Party may designate Discovery Material as "CONFIDENTIAL" only when the Disclosing Party believes in good faith that the Discovery Material contains Confidential Information. A Disclosing Party shall not routinely designate Discovery Material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

4.      **Designation of Deposition Testimony as Confidential Information**. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed Confidential Information only if they are designated as such when the deposition is taken or within seven (7) business days after receipt of the transcript. Any testimony which describes Confidential Information shall also be designated as Confidential Information.

5.      **Use of Confidential Information**. Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other individual for any purposes whatsoever other than preparing for and conducting litigation in this Action (including appeals).

6.      **Exceptions**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any other person or entity, except that disclosures may be made in the following circumstances:

a.      Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the Action. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Confidentiality Order.

b.      Disclosure may be made only to employees of a party required in good faith to provide assistance in the Action.

c.      Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the provisions of this Confidentiality Order.

d.      Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the Action. Experts must be informed of and agree in writing to be subject to the provisions of this Confidentiality Order by signing the attached **Exhibit A** prior to a party disclosing or discussing any Confidential Information.

7. **Maintaining Confidential Information**. Except as provided in Paragraph 6, counsel for the parties shall keep Confidential Information within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

8. **Confidential Information Filed with Court**. To the extent that any Discovery Materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential Information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as Confidential Information, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under Paragraph 10 of this Confidentiality Order.

9. **Party Seeking Greater Protection Must Obtain Further Order**. No information may be withheld on the ground that the material to be disclosed requires greater protection than that afforded by this Confidentiality Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

10. **Challenging Designation of Confidentiality**. A designation of Confidential Information may be challenged upon motion. The burden of proving the legitimacy of a Confidential Information designation remains with the Disclosing Party. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

11.      **Return of Confidential Information at Conclusion of Litigation**. At the conclusion of the litigation, all Discovery Material treated as Confidential Information under this Confidentiality Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

/s/ _____
Rebecca A. Leaf, Esq. (Fed. Bar No. 30351)
Justen R. Barbierri, Esq. (Fed Bar No. 31540)
Ballard Spahr LLP
111 S. Calvert Street, 27th Floor
Baltimore, MD  21202
Tel: (410) 528-5600
Fax: (410) 528-5650
Leafr@ballardspahr.com
barbierrij@ballardspahr.com

Date: June 1, 2026

*Attorneys for Defendants*

/s/ _____
John Stolarz, Esq. (Fed. Bar. No. 01929)
(signed by Rebecca A. Leaf with permission
John B. Stolarz
The Stolarz Law Firm
6509 York Road
Baltimore, MD 21212
Tel: (410) 532-7200
Fax: (410) 372-0529
stolarz@verizon.net

Date:  June 1, 2026

*Attorney for Plaintiff*

SO ORDERED:

_____
Timothy J. Sullivan
Chief United States Magistrate Judge

Date: June 1, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IVY SKIDMORE, | * |
| Plaintiff, | * |
| v. | *  Civ. No.: MJM-24-2736 |
| CACI, INC. - FEDERAL, | * |
| Defendant. | * |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**EXHIBIT A**

I declare, under penalty of perjury, that I have read the foregoing Confidentiality Order in the above-captioned action; that I understand the terms thereof; and that I consent to be bound by such terms. Specifically, and without limitation, I agree not to use or disclose any Confidential Information made available to me other than in strict compliance with the Confidentiality Order. I understand that a breach of the terms of the Confidentiality Order may be punishable by contempt of court, and related penalties, and other legal remedies, including civil and criminal penalties.

_____

By:

_____

Signature

_____

Date

#4900-4449-3478 v2