**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**TIMOTHY J. SULLIVAN**
**CHIEF MAGISTRATE JUDGE**

**6500 Cherrywood Lane**
**Greenbelt, Maryland 20770**
**Telephone: (301) 344-3593**
MDD_TJSchambers@mdd.uscourts.gov

September 18, 2026

LETTER TO COUNSEL:

Re: *Skidmore v. CACI, Inc. – Federal*
Case No. 8:24-cv-02736-MJM

Dear Counsel,

This case was referred to me for all discovery and related scheduling matters. ECF No. 37. Pending before the Court is the parties' Joint Motion to Extend Scheduling Order ("Motion") (ECF No. 51). I find that a hearing is unnecessary. *See* Loc. R. 105.6. The motion will be granted in part and denied in part.

Plaintiff filed her complaint over two years ago. *See* ECF No. 7. Discovery has been ongoing since December 5, 2025. ECF No. 36. The Scheduling Order (ECF No. 36) established deadlines for Defendant's Rule 26(a)(2) disclosures (April 9, 2026) and Plaintiff's rebuttal Rule 26(a)(2) disclosures (April 23, 2026). These expert disclosure deadlines have never been extended. They passed nearly five months ago. Yet the parties only now ask that the Court extend them.

Because the parties' Motion was filed after the expiration of the expert disclosure deadlines, it implicates two rules: Rule 6(b)(1)(B) and Rule 16(b)(4). *Everhart v. Washington Metro. Area Transit Auth.*, No. DKC-11-2155, 2012 WL 6136732, at *2-3 (D. Md. Dec. 10, 2012) (denying leave to file motion for summary judgment after expiration of deadline). Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." The Fourth Circuit has interpreted "excusable neglect" by breaking down the phrase into its parts. "Neglect" includes "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993)). The term "excusable" is

> at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission, including, the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* (internal quotation marks omitted) "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect." *Id.* "Excusable neglect" is not easily demonstrated. *Id.* at 534.

"A court's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB-10-2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012) (quoting *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md. 1999)). Rule 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." A scheduling order "is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 in 'secur[ing] the just, speedy, and inexpensive determination of every action.'" *Marcum v. Zimmer*, 163 F.R.D. 250, 253 (S.D.W. Va. 1995); *see also Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md. 1999) (recognizing that scheduling orders are necessary because district courts labor "under the burden of heavy caseloads and clogged court calendars"). District courts have broad discretion to manage the timing of discovery and the modification of a scheduling order. *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986); *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 594 (7th Cir. 2012) (observing that "district courts have an interest in keeping litigation moving forward and that maintaining respect for set deadlines is essential to achieving that goal"). In considering whether a movant has shown good cause to modify a scheduling order, courts look mainly to the moving party's diligence. *See, e.g., Montgomery v. Anne Arundel Cnty., Md.*, 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam). Lack of diligence and carelessness are the "hallmarks of failure to meet the good cause standard." *West Virginia Housing Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W. Va. 2001). If the moving party was not diligent, "the inquiry should end." *Marcum*, 163 F.R.D. at 254; *see also Pinnacle Advisory Grp., Inc. v. Krone*, No. ELH-19-2988, 2021 WL 3852338, at *4 (D. Md. Aug. 26, 2021).

The parties have not shown excusable neglect under Rule 6(b)(1)(B) or good cause under Rule 16(b)(4) to extend the deadlines for Defendant's Rule 26(a)(2) disclosures and Plaintiff's rebuttal Rule 26(a)(2) disclosures. The Motion is **DENIED IN PART** to the extent that it seeks to modify these expert deadlines.

The parties also seek to modify the deadlines to complete discovery and to file dispositive pretrial motions. For these deadlines, the Motion is timely. *See* ECF No. 49. And given the need to postpone Plaintiff's deposition, the parties have demonstrated good cause to extend these deadlines. The Motion is **GRANTED IN PART** as to these deadlines. The revised deadlines are set forth below:

| | |
|---|---|
| October 30, 2026 | Discovery deadline; submission of status report |
| November 30, 2026 | Dispositive pretrial motions deadline |

Despite the informal nature of this letter, it is an Order of Court and will be docketed as such.

Sincerely yours,

/s/

Timothy J. Sullivan
Chief United States Magistrate Judge